UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| T.A., a minor student, by and through her parent, M.A., <br><br> Plaintiff, <br><br> v. <br><br> BLEDSOE COUNTY SCHOOLS, and JENNIFER TERRY, in her individual capacity, <br><br> Defendants. | No. 1:18-cv-84 <br> Judge Phillips |

# MEMORANDUM AND ORDER

This civil action is before the Court on plaintiff's motion seeking a voluntary dismissal without prejudice [Doc. 26]. Plaintiff T.A., who was a minor at the time this case was filed, brought this action through her mother, M.A., alleging racial harassment and discrimination by the Bledsoe County Schools [*see* Doc. 1]. In the instant motion, plaintiff T.A., now age 18, represents that she no longer wishes to continue with this case because she is afraid of repercussions from the individuals she has accused. The defendants do not oppose the motion provided that dismissal is *with* prejudice or that plaintiffs be required to pay the defendants' litigation costs to date if the case is refiled [Doc. 27]. As plaintiff points out in reply [Doc. 28], the written discovery conducted to date could be used in any future litigation and any monetary penalty would be equivalent to a dismissal with prejudice to T.A.

Rule 41(a)(2) states that the Court may dismiss a case at the plaintiff's request "on

terms that the court considers proper" and that such dismissal is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(2). Whether to grant dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A request for voluntary dismissal without prejudice should be granted "unless the defendant shows that a dismissal will result in plain legal prejudice." *Matthews v. Tennessee Bd. of Probation & Parole*, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008). Neither the "prospect of a second lawsuit" nor "[t]he fact that the plaintiff may … gain some tactical advantage" constitute prejudice. *Id*.

The Sixth Circuit has outlined four factors to be considered in determining whether a defendant will suffer plain legal prejudice if the plaintiff's complaint is dismissed without prejudice: (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment. *Grover*, 33 F.3d at 718.

In the present case, there is no allegation that plaintiff failed to diligently prosecute this action and she has provided a sufficient and understandable explanation for her desire to voluntarily dismiss this case. There is no motion for summary judgment pending. Further, plaintiff's counsel promptly notified defense counsel of plaintiff's wishes and filed the instant motion to avoid incurring further litigation costs. Thus, the second, third, and fourth *Grover* factors weigh in favor of dismissal without prejudice.

As pointed out in plaintiff's reply [Doc. 28], the first factor, the litigation completed

2

to date and the cost of that litigation, is the only factor addressed by the defendants. It appears undisputed that the parties have engaged in written discovery, but they have not yet taken depositions. While the time and expense incurred to date is not insignificant, the Court agrees that any written discovery could be used in any future litigation. Moreover, the expenses incurred by defendants are not so significant as to rise to the level of "plain legal prejudice" to the defendants, whereas imposing those costs on the plaintiff in any future litigation would be a significant barrier.

Accordingly, the Court finds that three of the four *Grover* factors weigh in favor of dismissal without prejudice and the first factor does not weigh strongly against dismissal without prejudice. Considering all the facts and balancing the equities, the Court finds that dismissal without prejudice is appropriate. The plaintiff's motion for voluntary dismissal [Doc. 26] is **GRANTED** and this case is **DISMISSED without prejudice**. The **CLERK** is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE